A judgment was rendered in this case on the award of a referee, in an action of assumpsit. The award did not find assets, and the judgment was entered generally, in a suit brought against the defendant as administrator, in which he pleaded the general issue, and there was no plea of plene administravit.
A fi. fa. was issued against him as administrator, which the sheriff levied upon his own goods.
Mr. Whitely now obtained a rule to show cause why this levy should not be set aside.
Mr. Wales, showed cause. — The action was brought against the *Page 343 
defendant as administrator. He pleaded the general issue non-assumpsit, and did not plead that he had fully administered the estate. This was ah admission of assets. The case was then referred to Judge Hall, who made award generally. There being no such plea of want of assets, the judgment is in effect a judgment de bonis propriis.
Whitely. — The award of the referee does not find assets, and the act of assembly says that the judgment against an executor or administrator on the report of referees, shall not be conclusive that he has assets, unless it be found by the report that he has assets. (Dig. 225.) This judgment therefore, is one of assets, and the execution properly follows it, and commands the sheriff to levy on the goods of the intestate in the hands of the administrator; but the sheriff has levied on the goods of the administrator.
The Court set aside the levy. It might happen in case there are no assets, that by this levy the administrator would be compelled to pay the debt, without any means of remuneration.
 Levy set aside.